**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ASPEN AMERICAN INSURANCE COMPANY<br><br>    Plaintiff,<br><br>    vs.<br><br>TOMÁS J. MÉNDEZ RODRÍGUEZ, WILNELIA MONTALVO GONZÁLEZ, AND THE CONJUGAL PARTNERSHIP COMPRISED BY BOTH, COOPERATIVA DE SEGUROS MÚLTIPLES and, ABC INSURANCE COMPANY, *in personam*; 2021 24' GRADY WHITE, PR-2425-FF, her engines, boilers, tackles, appurtenances and all her instrumentalities, *in rem*,<br><br>    Co-Defendants. | CIVIL NO.: 25-1146<br><br>ADMIRALTY: 28 U.S.C. § 1333; Fed. R. Civ. P. 9(h) |

<u>**VERIFIED COMPLAINT**</u>

**TO THE HONORABLE COURT:**

**COMES NOW**, the Plaintiff, ASPEN AMERICAN INSURANCE COMPANY (hereinafter referred to as "Plaintiff" or "AAIC"), by and through the undersigned attorneys, and for its *Complaint* against Tomás J. Méndez Rodríguez, Wilnelia Montalvo González and the Conjugal Partnership Comprised by Both, and ABC Insurance Company, respectfully alleges, states, and prays as follows:

## I.    JURISDICTION AND VENUE

1.    This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United

States Code, section 1333, since it relates to a maritime tort occurring within navigable waters.

2.    Venue is proper in this district, pursuant to 28 U.S.C. § 1391, inasmuch all of the events or omissions giving rise to the claim occurred within this district, all Co-Defendants are residents of this District, and the vessels involved in the action are located within this District.

## II.  THE PARTIES

3.    Plaintiff, AAIC, is a corporation organized and existing under the laws of the State of Texas, authorized by the Office of the Commissioner of Insurance of the Commonwealth of Puerto Rico to act as an insurer for various insurance lines, including ocean marine insurance, with principal place of business located at 175 Capital Boulevard Suite, Rocky Hill, CT 06067.

4.    AAIC issued a marine insurance policy to the General Services Administration (hereinafter referred to as "Insured"), an instrumentality of the Commonwealth of Puerto Rico, insuring a 2005 Sea Vee Cuddy Cabin 340, Hull Identification Number (HIN) SXJ00953B505, Puerto Rico Registration Number PR0112GE, operated by the Rapid Action Joint Forces ("FURA" by its Spanish acronym), a division of the Puerto Rico Police Bureau, to patrol the coasts of Puerto Rico, insured under Policy No. BW001222-24 (hereinafter the "FURA vessel" or "Cobra 54").  As more fully explained below, Aspen became subrogated into the rights of its Insured.

-2-

5.  Co-Defendant Tomás J. Méndez Rodríguez (hereinafter referred to as "Méndez"), is a resident of Aguadilla, Puerto Rico, and is the owner of a 2021 24' Grady White, with Puerto Rico Registration Number PR-2425-FF.

6.  Co-Defendant Cooperativa de Seguros Múltiples (hereinafter referred to as "CSM") is an insurance company that issued an insurance policy or certificate in the name of Tomás J. Méndez Rodríguez, for the Grady White, which covers the claim object of this action.

7.  Co-Defendant ABC Insurance Company (hereinafter referred to as "ABC") is the fictitious name of an insurance company that issued an insurance policy or certificate in the name of Tomás J. Méndez Rodríguez, for the Grady White, which covers the claim object of this action.

8.  In rem Defendant is a 2021 24' Grady White, with Puerto Rico Registration Number PR-2425-FF (hereinafter referred to as "the Grady White").  Upon information and belief, the base port of the Grady White is Aguadilla, Puerto Rico, which is within the jurisdiction of this District Court.  Plaintiffs are entitled to assert a maritime tort lien against the Grady White, in rem. Accordingly, Plaintiffs are suing the Grady White, in rem, pursuant to Rules C and E of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

### III. THE FACTS

9.   At all times relevant, Co-Defendant Méndez was the owner and operator of the Grady White, which was insured by CSM.

10.   On Friday, August 9th, 2024, on or about 7:20 PM, Sargeant Giovanni González-Pagán (Badge No. 8-30529), Agent Víctor Cortés-Román (Badge No. 33873) and Agent Pedro Méndez-Méndez (Badge No. 31940), of FURA Aguadilla, sailed from FURA's dock onboard Cobra 54.

11.   At all material times, the crew of Cobra 54 had exercised due diligence and had taken all necessary action to make and maintain Cobra 54 in all respects, a vessel which was seaworthy, fit and proper for the service in which it was engaged.

12.   At all times material hereto, Cobra 54 was, in all respects, seaworthy, properly manned and efficiently supplied, equipped and furnished, fitted with suitable engines, machinery, tackle, apparel, gear, appliances and personnel, all in good order and condition and suitable for the purpose for which it was employed.

13.   Cobra 54 and her crew intervened with a homemade vessel at approximately a quarter of a mile in front of the Aguadilla breakwater.

14.   Cobra 54 was operating in waters connected to the high seas and navigable by seagoing vessels.

15.  At the time of this police intervention, Cobra 54 had on its navigation lights, courtesy and other interior lights and the blue intermittent lights used by law enforcement.  Operation of all such lights is required for the safety of the crews of both vessels during any police intervention conducted at night.

16.  After concluding the intervention, the crew of Cobra 54 shut off all lights, except the navigation lights, which remained on at all times.

17.  Cobra 54 then started making way towards shore at idle speed when the crew heard the noise of a rapidly approaching vessel.

18.  The vessel approaching Cobra 54 was approaching almost directly perpendicular to Cobra 54's port side and was thus considered the give-way vessel.  Cobra 54 was the stand-on vessel.

19.  The Defendant Grady White approached and collided with Cobra 54 while navigating at an unsafe speed.

20.  The bow of the *in rem* Defendant Grady White operated by *in personam* Co-Defendant Méndez rammed the port aft quarter of Cobra 54.

21.  The collision took place on a crossing situation in which Cobra 54 was the stand-on vessel and the *in rem* Defendant Grady White was the give-way vessel.  The Grady White was supposed to pass aft of Cobra 54 at a safe speed and safe distance, but it failed to do so.

22.  The Grady White was navigating with all interior lights on, which causes the operator to lose night vision.  At night, blue wavelengths of light prevail in the visible portion of the spectrum. When light levels decrease, the focusing mechanism of the eye may move toward a resting position and make the eye more myopic. Practicing good light discipline, such as turning off all unessential lights during navigation, is very important and helps operators to retain their night adaptation. Keeping the interior lighting on dim or off allows the operator to better identify outside details and hazards.

23.  At all times relevant, Cobra 54 had its running and navigation lights on and operating at a safe speed.

24.  The *in rem* Defendant Grady White caused extensive damages to Cobra 54.  These damages were paid by AAIC as insurer of the General Administration Services, owner of Cobra 54.

25.  AAIC paid Insured $45,500.00 for the hull claim and property loss related to this accident.

26.  The insurance policy issued by AAIC to Insured contains the following relevant language: "When we pay for any loss, your rights of recovery from anyone else become ours up to the amount we have paid. You must protect these rights and help us enforce them. "The Proof of Loss signed by Insured's representative states: "To the extent of the payment made or advanced under this policy, the insured hereby assigns, transfer and sets over to the

insurance company, all rights claims or interest that he has against any person, firm or corporation liable for the loss or damage to the property for which payment is made or advanced."

27.  Thus, AAIC has a contractual right to collect payment from Defendants for all insurance proceeds paid to Insured under the hull coverage of the Policy.  Accordingly, AAIC became subrogated in the rights and claims of its Insured and brings this action on its own behalf.

### IV.    FIRST CAUSE OF ACTION: MARITIME TORT

28.  All the previous paragraphs are incorporated by reference to this section as if alleged herein in their entirety.

29.  Pursuant to general maritime law, a maritime tort claim is established with the following elements: (i) a duty owed to Plaintiff (ii) breach of that duty; (iii) proximate cause; and, (iv) damages.

30.  At all times relevant, *in personam* co-defendant Méndez was negligent in the operation of the *in rem* Defendant Grady White and such negligence was the sole and proximate cause of the collision.

31.  During the operation of the Grady White before and leading up to the collision, Méndez was in violation of the International Regulations for Preventing Collisions at Sea (1972 COLREGS).  COLREGS apply to all vessels upon the high seas and

all waters connected to the high seas and navigable by seagoing vessels.

32.  Méndez was careless and negligent in:

    a. Operating the vessel with all interior and flood lights on, thus impairing his night vision.

    b. Violated Rule 5, Look-out, for not having a look out other than himself, in circumstances such as his, for being unable to have adequate sight of his surroundings.

    c. Violated Rule 6, Safe Speed, because he operated his vessel at an unsafe speed, at night, with impaired night vision.

    d. Violated Rule 7, Risk of Collision, for his failure to detect the risk of collision.

    e. Violated Rule 15, because his vessel was on the other's port side and thus had a duty to keep out of the way.

    f. Violated Rule 16, because his vessel was the give-way vessel and should have taken early and substantial action to keep well clear.

33.  Defendants are liable to Plaintiff for all the damages claimed in paragraph 25 of this Complaint.

34.  Defendants are the only responsible and liable parties for this accident.

### V. SECOND CAUSE OF ACTION: DIRECT ACTION

35.  Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 34 as if set forth fully herein.

36.  Co-defendants CSM and ABC Insurance Company issued and maintained in full force and effect, liability insurance policies covering the damages claimed by Plaintiff in the instant Complaint.

37.  Pursuant to articles 20.010 and 20.030 of the Puerto Rico Insurance Code, codified under P.R. LAWS ANN. tit. 26 §§ 2001 and 2003, a direct action can and is hereby asserted against CSM and ABC Insurance Company to recover the damages claimed by Plaintiff, together with the costs and disbursements of this action, and a reasonable amount for attorneys' fees.

### VI.  DAMAGES

38.  AAIC had issued and had in force an insurance policy under which it became obligated to pay, and paid, its Insured the sum of $45,500.00 for the loss and/or damages sustained by Cobra 54 resulting from the collision and Defendant's negligence.

39.  Therefore, Defendants are jointly liable to AAIC for the amount of $45,500.00.

**WHEREFORE**, Plaintiff, Aspen American Insurance Company respectfully requests that:

I.   Judgment be entered, in an amount not less than $45,500.00, with the imposition of costs and attorney's fees, against the Co-defendant vessel the Grady White, her engines, appurtenances, tackles, boilers, etc., *in rem*, and *in personam* against Co-defendants TOMÁS J. MÉNDEZ RODRÍGUEZ, WILNELIA MONTALVO GONZÁLEZ, AND THE CONJUGAL PARTNERSHIP COMPRISED BY BOTH, COOPERATIVA DE SEGUROS MÚLTIPLES and, ABC INSURANCE COMPANY, jointly and/or severally, in favor of Plaintiff, together with all the expenses and costs incurred as part of their loss mitigation efforts and the arrest process, including but not limited to expenses *custodia legis*, surveys and investigators, in order to assess the condition and location of the Grady White prior to her arrest, an award of prejudgment interest on all amounts, interest thereafter at the prevailing rate, all costs and expenses to obtain the arrest of the vessel and to provide for her care and custodianship until released, reasonable attorneys' fees, the cost of this litigation and for any other sums or claims arising from this date until conclusion of this action; and that the Co-defendant vessel the Grady White, her engines, appurtenances, tackles, boilers, etc., *in rem*, be condemned and that the bond posted as security be executed and its proceeds distributed and Plaintiff be paid for all amounts due according to law;

II.  Plaintiff be awarded any other remedy this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**


## STATEMENT UNDER PENALTY OF PERJURY

I, Ian P. Carvajal, of legal age, attorney of record for ASPEN AMERICAN INSURANCE COMPANY, and resident of Guaynabo, Puerto Rico, under penalty of perjury, hereby state:

1. That I have read the forgoing *Verified Complaint* and believe the allegations contained therein are true and correct.

2. That such belief is based upon my personal knowledge and the documentation in my control and possession.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  Executed on March 12th, 2025.


_____
Ian P. Carvajal
**Attorney for ASPEN AMERICAN INSURANCE COMPANY**


**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this 12 day of March, 2025.

**_s/ Ian P. Carvajal_**
Ian P. Carvajal
Bar Number: 212003
E-mail: icarvajal@scvrlaw.com

**_s/ Manuel Sosa- Báez_**
Manuel Sosa-Báez
Bar Number: 218807
E-mail: msosa@scvrlaw.com

*Attorneys for Aspen American Insurance Company*
**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, PSC**
166 Avenida De La Constitución
San Juan, Puerto Rico 00901
Tel.: (787) 289-9250